UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-CR-0020-CVE |
| ) | |
| TERRANCE CORTEZ WHITFIELD ) | |
| a/k/a Cadillac T, ) | |
| a/k/a T, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is defendant's Unopposed Motion to Continue and for New Scheduling Order, Including New Trial Date (Dkt. # 23). On February 3, 2014, the grand jury returned an indictment (Dkt. # 2) charging defendant with sex trafficking of a child, interstate travel and transportation in aid of racketeering enterprise, and possession of child pornography. This case is set for trial on April 21, 2014, but defendant requests a continuance to the May 2014 jury trial docket. Defense counsel states that he was appointed to represent defendant on March 10, 2014, but the motions deadline had already expired when he was appointed. Defense counsel has also received 570 pages of written discovery and nine compact discs with additional discovery, and he states that he will not have time to fully review the discovery and prepare a defense under the current scheduling order (Dkt. # 15). The government does not oppose defendant's motion for a continuance. Defendant has executed a speedy trial waiver (Dkt. # 24).

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of

justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public.  Id.  The statute directs a court to consider, among other things, whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv).  The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool."  United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool.  The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271.  This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance.  Id. at 1272-73.  A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court has reviewed defendant's motion and finds that he will not have sufficient time to prepare for trial under the current scheduling order.  Defense counsel was appointed after the motions deadline had expired, and the government has produced a substantial amount of discovery for defense counsel to review.  Defense counsel should be given additional time to review the

discovery to determine if it would be appropriate to file pretrial motions and to prepare a defense. The Court also takes into account the seriousness of the charges against defendant, and defendant faces a statutory mandatory minimum sentence of 10 years imprisonment and a possible maximum sentence of life imprisonment if convicted of sex trafficking of a child in violation of 18 U.S.C. § 1591. In addition to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that defendant's Unopposed Motion to Continue and for New Scheduling Order, Including New Trial Date (Dkt. # 23) is **granted**, and the jury trial set for April 21, 2014 is **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| Motions due: | April 7, 2014 |
| Responses due: | April 21, 2014 |
| PT/CP/Motions Hearing: | **May 1, 2014 at 9:30 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | May 5, 2014 |
| Jury Trial: | **May 12, 2014 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time between April 21, 2014 and May 12, 2014 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 21st day of March, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE