**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-CR-0020-CVE |
| | ) | |
| TERRANCE CORTEZ WHITFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is defendant's motion (Dkt. # 70) arguing that he received ineffective assistance of counsel, and it appears that he is asking the Court to vacate his sentence and sentence him without the career offender enhancement.  Defendant argues that the crime of conviction was not a crime of violence, and he claims that his sentence should not have been enhanced due to his status as a career offender.

On February 3, 2014, a grand jury returned an indictment charging defendant with sex trafficking of a child (count one), interstate travel and transportation in aid of a racketeering enterprise (count two), and possession of child pornography (count three).  Defendant subsequently pled guilty to an information charging him with coercion and enticement a minor in violation of 18 U.S.C. § 2422(b), and the charges in the indictment were dismissed.  Dkt. # 36.  A presentence investigation report was prepared, and defendant was eligible for an enhancement as a career offender under USSG § 4B1.1.  The charge of conviction, coercion and enticement of a minor, was a crime of violence, and defendant's prior convictions for burglary, unlawful possession of marijuana with intent to distribute, and unlawful possession of controlled drug with intent to distribute.

Defendant's total offense level was 34 and he had a criminal history category of VI, and his advisory guideline range was 262 to 327 months.  The Court varied downward and sentenced defendant to 140 months imprisonment, and this sentence was ordered to run concurrently with the undischarged term of imprisonment imposed in three state court criminal cases.  Dkt. # 48.

Defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 challenging his sentence in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).  Defendant argued that the residual clause of United States Sentencing Guideline § 4B1.1 was unconstitutionally vague, and he did not raise any other argument.  Dkt. ## 53, 54.  The Court stayed the case at the request of plaintiff, because there was a case pending before the Supreme Court to determine whether the reasoning of Johnson applied to the United States Sentencing Guidelines.  Dkt. # 59.  In Beckles v. United States, 137 S. Ct. 886 (2017), the Supreme Court concluded that the advisory sentencing guidelines are not subject to a constitutional vagueness challenge, and the Court denied defendant's § 2255 motion.  Dkt. # 62.

Defendant now argues that he received ineffective assistance of counsel, because his attorney failed to object to the application of the career offender enhancement on the ground that coercion and enticement of a minor was not a crime of violence.  Dkt. # 70, at 1.  Although defendant does not mention § 2255, this is the exclusive means for a federal prisoner to challenge the validity of his conviction or sentence.  Bradshaw v. Story, 86 F.3d 164, 166 (1996).  Defendant is clearly challenging the validity of his sentence, and the Court will construe defendant's motion as a § 2255 motion.  Defendant has already filed a § 2255 motion (Dkt. # 53), and his motion (Dkt. # 70) must be treated as a second or successive § 2255 motion.  A second or successive motion under § 2255 will only be permitted in two situations:

2

(1) newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  This Court lacks jurisdiction to consider a second or successive § 2255 motion, because defendant must request permission from the Tenth Circuit to file a second or successive § 2255.  See 28 U.S.C. § 2255(h); Torres, 282 F.3d at 1246.

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction."  In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).  Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction."  Cline, 531 F.3d at 1251.  "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization."  Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases).  The Court has reviewed defendant's motion (Dkt. # 70) and finds that there is no risk that a meritorious claim will be lost absent transfer to the Tenth Circuit.

3

Defendant's sentencing guideline range was correctly calculated at the time, and the Supreme Court has determined that the reasoning of Johnson does not apply to the advisory sentencing guidelines. Defendant could be arguing that his counsel was ineffective for failing to challenge the application of the residual clause of § 4B1.1, but this argument fails for multiple reasons. First, this argument could have been raised in his original § 2255 motion and he was obligated to raise all of his claims in his original § 2255 motion. Second, defendant's attorney was not ineffective for failing to predict a change in the law, and counsel had no obligation to raise an argument that would have lacked merit when defendant was sentenced. Finally, there is no basis to find that defendant could have been prejudiced by counsel's alleged error, because defendant's attorney successfully argued for a substantial downward variance and defendant has not shown he would receive a lesser sentence absent the career offender provision.

Even though the Court lacks jurisdiction over defendant's motion, the Tenth Circuit has directed district courts to consider whether a COA should be issued when a second or successive § 2255 motion is dismissed. See United States v. Harper, 545 F.3d 1230, 1233 (10th Cir. 2008). Pursuant to 28 U.S.C. § 2253, a defendant is required to obtain a COA before appealing a final order in a proceeding under 28 U.S.C. § 2255. Section 2253(c) instructs that the court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A defendant can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). After considering the record in this case, the Court concludes that a COA should not issue because defendant has not made

a substantial showing of the denial of a constitutional right.  The Court does not find that the issues raised by defendant are debatable among jurists or that the Tenth Circuit would resolve the issues differently, and defendant has not made a substantial showing of the denial of a constitutional right.

**IT IS THEREFORE ORDERED** that defendant's § 2255 motion (Dkt. # 70) is **dismissed** for lack of jurisdiction as a second or successive § 2255 motion.  A separate judgment of dismissal is entered herewith.

**DATED** this 25th day of September, 2020.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE